STATE EX REL. CHARLES HARTMAN v.
VILLAGE OF MOUND AND OTHERS.

178 N. W. (2d) 625.

June 26, 1970—No. 42192.

*Maag & Abdo* and *H. E. Maag,* for appellant.

*Howard, LeFevere, Lefler, Hamilton & Pearson, Curtis A. Pearson,* and *J. Dennis O'Brien,* for respondents.

Heard before Knutson, C. J., and Nelson, William P. Murphy, Otis, and James F. Murphy, JJ.

WILLIAM P. MURPHY, JUSTICE.

This is an appeal from an order of the district court which dismissed an alternative writ of mandamus issued in an action to compel the village of Mound to issue a plumber's permit. Petitioner, Charles Hartman, contends that, under Minn. St. 326.38 and 326.40, he is entitled to a writ of mandamus directing respondents, the village of Mound and certain of its designated officials, to issue to him a permit to do inside and outside plumbing as a journeyman plumber in the village of Mound.

The dispute grows out of a denial by the village of Mound of petitioner's application for a "plumber's license to carry on the business and profession as a plumber in the City of Mound." The application was denied because the applicant was not licensed as a master plumber by the State Board of Health. It was agreed on oral argument before this court that the issue actually involves a denial of a permit to install plumbing. A licensing ordinance, formerly in effect, was repealed by respondent village after our decision in Minnetonka Electric Co. v. Village of Golden Valley, 273 Minn. 301, 141 N. W. (2d) 138, which held that a municipality has no power to require municipal licensing where the state has preempted that field. Thereafter, the village adopted the following regulations governing the subject:

Mound Ordinance No. 26.60 provides in part:

"No person shall install or make substantial repairs or additions to plumbing * * * without first securing a permit for such installation, repair or addition."

Mound Ordinance No. 26.61 provides in part:

"Each person * * * doing plumbing * * * for hire within this Village, shall have a current license as Master Plumber from the State of Minnesota, and shall first apply to the Village for the registration with the Village of such license, and shall pay the following registration fee and shall file with the Village Clerk the following bond, insurance and other requirements: * * *."

It appears that petitioner has been licensed by the State Board of Health as a journeyman plumber since 1950. He does not have a state master plumber's license. It appears that, prior to 1964, he had been granted permits to do plumbing installations in the village of Mound. No permit has been issued to him since that time. On July 17, 1969, after his application for a permit was denied, he petitioned the district court for a writ of mandamus to compel issuance of the permit. After hearing, the writ was denied.

The issue before us presents a matter of statutory construction. The controlling statutes, relating to plumbers' permits, provide in part:

Minn. St. 326.38. "Any city or village having a system of water-works or sewerage, or any town in which reside over 5,000 people exclusive of any villages located therein, may, by ordinance, adopt local regulations providing for plumbing permits, bonds, approval of plans, and inspections of plumbing, which regulations are not in conflict with the plumbing standards on the same subject prescribed by the state board of health. No city or village or such town shall prohibit plumbers licensed by the state board of health from engaging in or working at the busi-

ness, except cities and villages which, prior to April 21, 1933, by ordinance required the licensing of plumbers."

Minn. St. 326.40. "In any city or village now or hereafter having 5,000 or more population, according to the last federal or state census, and having a system of water-works or sewerage, no person, firm, or corporation shall engage in or work at the business of a master plumber or journeyman plumber unless licensed to do so by the state board of health. A master plumber may also work as a journeyman plumber. * * *

"In any such city or village no person, firm, or corporation shall engage in the business of installing plumbing nor install plumbing in connection with the dealing in and selling of plumbing material and supplies unless at all times a licensed master plumber, who shall be responsible for proper installation, is in charge of the plumbing work of such person, firm, or corporation."

The terms "journeyman plumber" and "master plumber" are statutorily defined:

Minn. St. 326.01, subd. 7, provides:

"A 'journeyman plumber' is any person, other than a master plumber, who, as his principal occupation, is engaged as an employee of, or otherwise working under the direction of, a master plumber in the practical instalation of plumbing."

Minn. St. 326.01, subd. 8, provides:

"A 'master plumber' is any person skilled in the planning, superintending, and the practical instalation of plumbing and otherwise lawfully qualified to contract for plumbing and instalations and to conduct the business of plumbing and who is familiar with the laws, rules, and regulations governing the same."

It is the petitioner's contention that only under the last paragraph of § 326.40, which deals with a situation where a journeyman plumber might be engaged in the business of dealing in and

selling of plumbing material and supplies, are the services of a master plumber required for installation of plumbing work. He argues that under the first paragraph of § 326.40, and under the entire provisions of § 326.38, no explicit provision is made which excludes journeyman plumbers from independently engaging in the business of making plumbing installations. Since he is not engaged in the selling of plumbing material and supplies, he argues that the requirement of a master plumber's license does not apply to him.

While the statutes quoted (§ 326.38 and § 326.40) might well have been phrased more clearly in expressing the permissible limits of a journeyman plumber's work and responsibility, it would appear that any doubt on that point is dispelled by the definitions contained in § 326.01, subds. 7 and 8, which make it clear that a journeyman plumber is one who works under the direction of a master plumber as an employee. A master plumber is one who, among other qualifications, is competent to plan and supervise plumbing installations as well as to conduct the business of plumbing. It appears that the legislature intended that the State Board of Health should offer and administer two different examinations for applicants who wish to be journeyman plumbers and those who wish to be master plumbers. When §§ 326.38 and 326.40 are construed together with the definitions contained in § 326.01, subds. 7 and 8, the legislative intent appears to be that the journeyman plumber may not engage in the business of installing plumbing independently in a city or village having a population of 5,000 or more, but must exercise his right to engage in such work as an employee or subordinate to a master plumber. The permit to do plumbing work in such a city or village appears to be restricted to master plumbers who have demonstrated, by passing an examination, that they possess a high degree of expertise in planning and supervision of plumbing installations, and to a person or business organization engaged in the business of installing plumbing, or engaged in such business in connection with the sale of plumbing supplies, who re-

452

tains or employs the services of a licensed master plumber who plans and supervises the plumbing work of such person or organization.

Affirmed.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.